# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

HOWARD L. ROSS,

        Plaintiff,

v.                                            Case No. 08-CV-230

BOARD OF REGENTS OF THE UNIVERSITY OF
WISCONSIN SYSTEM, RICHARD J. TELFER,
JAMES W. FREER, INDRA MOHABIR and
MARTHA D. SAUNDERS,

        Defendants.

_____

## ORDER

On September 29, 2008, plaintiff Howard L. Ross ("Ross") filed a motion pursuant to Fed.R.Civ.P. 37(a) to compel production of documents from defendant Board of Regents of the University of Wisconsin System ("UW System"). The motion relates to several requests for various financial records, as well as personnel files. Because Ross has not adequately demonstrated that the parties have made sincere attempts to resolve their differences as required by Civil Local Rule 37.1, the court denies Ross's motion.

    Civil Local Rule 37.1 mandates the following:

    All motions for discovery pursuant to Fed.R.Civ.P. 26 through 37 must be accompanied by a written statement by the movant that, after personal consultation with the party adverse to the motion and after sincere attempts to resolve their differences, the parties are unable to reach an accord. The statement must also recite the date and time of such conference and the names of all parties participating in it.

Ross's motion states that "Plaintiff has made numerous good faith efforts pursuant to Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure to resolve these matters by conferring with defense counsel. . ." (Pl.'s Notice & Motion, ¶ 5, Docket #15). In support of his motion, Ross includes affidavits from two of his attorneys. The affidavit of Andrew J. Parrish lists multiple email and telephone exchanges with defense counsel, none of which describe a personal consultation with opposing counsel regarding the subject matter of Ross's motion. Rather, Mr. Parrish's affidavit demonstrates a lack of consultation. (Parrish Aff., ¶¶ 11-26, Docket #17). The second affidavit of Maria J. Selsor is equally inadequate in demonstrating to the court that the parties conferred in a sincere attempt to resolve their differences. (Selsor Aff., Docket #18). The court has neither the time, nor the inclination to act as a referee in every minor dispute between the parties during discovery. Therefore, the court denies Ross's motion to compel without prejudice.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion to compel discovery (Docket #15) be and the same is hereby **DENIED** without prejudice.

Dated at Milwaukee, Wisconsin, this 5th day of December, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge