# COURT MINUTES OF JURY TRIAL

HOWARD L. ROSS,

     v.                                        CASE NO. 08-CV-0230

BOARD OF REGENTS OF THE
UNIVERSITY OF WISCONSIN SYSTEM,
RICHARD J. TELFER, JAMES W. FREER,
INDRA MOHABIR, MARTHA D. SAUNDERS.

## HON. J. P. STADTMUELLER PRESIDING

DATE TRIAL BEGAN: Feburary 8, 2010

LAW CLERK: Andrew L. Nolan

COURT REPORTER(s): Sheryl Stawski

INTERPRETER: N/A

PLAINTIFF BY: Robert J. Kasieta; Andrew J. Parrish

DEFENDANT BY: Nadim Sahar; Duane Harlow

Details:

| Date | Time Called | A.M. Break | Lunch Break | P.M. Break | Time Finished | Court Reporter |
|---|---|---|---|---|---|---|
| Mon. Feb. 8 | 8:47 | 10:37 | 1:04 | 3:17 | 5:30 | S. Stawski |
| Wed. Feb. 10 | 10:00 | - | 12:14 | 3:00 | 5:26 | S. Stawski |
| Thurs. Feb. 11 | 12:57 | - | - | 2:58 | 5:32 | S. Stawski |
| Fri. Feb. 12 | 8:46 | - | - | - | 8:59 | S. Stawski |

Monday, February 8, 2010

8:47 a.m. Appearances
8:48  Court welcomes parties. Court discusses how long the trial will be. Court addresses the weather issues and states that the trial will not occur tomorrow. Court reminds the parties that for the purposes of selecting a jury every juror should be available through Wednesday of next week.
8:50  Court answers questions from the plaintiff's attorney.
8:54  Court addresses the jury selection process.
8:55  Court answers questions from the defendant's attorney.
8:58  Court security officer is instructed to summon jurors.
9:09  Court welcomes and informs jurors about the trial process.
9:10  Law clerk swears in jury.
9:12  Court describes the case and voir dire process to the jury.
9:15  Venirepersons asked to identify themselves.
9:23  Court begins asking questions of venirepersons.
9:24  Question re: any pressing personal or business matters that would prevent a juror from serving on the jury for the following week. #1- Travel; #12- Funeral; #16- Travel; #18- Travel; #24- Travel
9:26  Question re: medical conditions that would prevent them from sit and participate in the jury. None.
9:29  Attorneys for both sides introduce themselves to the jury.
9:30  Question re: knowledge of the parties or the attorneys. #20- Attended University of Wisconsin-Whitewater and knew of Dr. Ross.
9:31  Question re: reading anything about the case in the media. None.
9:32  Counsels identify their perspective witnesses.
9:34  Question re: knowledge of the plaintiff's witness. None.
9:35  Question re: knowledge of the defendant's witness. None.
9:35  Question re: previous experience serving as a juror in any capacity. #4- state court civil case, auto accident, in favor of the plaintiff, not a foreperson; #9- state court civil case, malpractice, alternate juror; #12- state court criminal case, drunk driving, guilty verdict, not a foreperson; #27- state court criminal case, rape / credit card theft; split decision, not a foreperson; #28- two previous experiences: state civil case in Wisconsin, medical malpractice, state civil case in Virginia, medical malpractice, not liable, not a foreperson; #24 state civil case, battery, liable, also served as an alternate for a federal grand jury
9:41  Question re: (to those who previously answered "yes") whether something that occurred during previous service on a jury that would affect the ability to serve as a fair and impartial juror in this case. None.
9:41  Question re: previous experience being called to give testimony under oath in a judicial, legislative, or administrative. #3- Unemployment hearing; #9- Sued; #28- witness in a military tribunal hearing.
9:44  Question re: (to those who previously answered "yes") whether something occurred during previous experience of testifying under oath that would affect the ability to serve as a fair and impartial juror in this case. None.
9:45  Question re: formal training in law or law related subjects. None.
9:45  Question re: whether a member of their household or family served in a law enforcement capacity. #5- husband; #11- nephew; #15- brother; #22- several family members.
9:47  Question re: (to those who previously answered "yes") whether the relationship with someone in law enforcement would affect the ability to serve as a fair and impartial juror in this case. None.
9:47  Question re: present or past employment required supervising any number of employees. Yes - #2, #3, #4, #6, #7, #9, #10, #14, #15, #16, #18, #22, #24, #26

9:51  Question re: having had to terminate or demote an employee.  Yes- #3, #7, #9, #14, #15, #16, #18, #22, #26
9:54  Question re: having dealt with matters related to discrimination with employment.  Yes- #16, 27.
9:55  Question re: (to those who previously answered "yes") whether the experience would affect the ability to serve as a fair and impartial juror in this case.  None.
9:56  Question re: experience with accounting and auditing.  #2- education; #5- does the accounting for her son's business.
9:57  Question re: any feelings regarding the system of justice, lawyers, or judges that would interfere with or compromise the ability to serve as a fair and impartial juror in this case.  None.
9:58  Question re: any religious or philosophical beliefs that would interfere with or compromise the ability to serve as a fair and impartial juror in this case.  None.
9:59  Question re: whether the subject matter of the litigation would interfere with or compromise the ability to serve as a fair and impartial juror in this case.  None.
9:59  Question re: ability to follow the court's instructions on the law, regardless of agreement with the law.  None.
10:00  Question re: any other reason a juror could not serve as a fair and impartial juror if selected.  None.
10:01  Court sees counsel at sidebar.
10:03  Question re: subject of discrimination in employment or housing.  None.
10:04  Question re: subject of an adversarial proceeding with the state of Wisconsin.  None.
10:06  Court strikes for cause jurors #1, 12.  Jurors #15, 17 replace jurors #1, 12 in the panel.
10:06  Questions are posed to jurors #15 and #17.
10:08  Parities begin to exercise their peremptory strikes.  Court gives preliminary instructions and comments regarding the appropriate conduct as jurors and bases for decision.
10:23  Selections are complete.  Jury is empaneled and selected jurors are sworn in.
10:26  Remaining unselected venirepersons are excused.
10:28  Court provides an outline of the events for a civil case.  Court discusses housekeeping matters, including a later start for proceedings on Wednesday.  Court discusses expectations of jury members.
10:37  Court stands in recess.
***
11:02 Court reconvenes. Court provides instructions to the jury regarding taking notes during the trial.  Court explains the caption to the jury.  Court invites each side to provide opening arguments.
11:04  Plaintiff's attorney provides an opening statement.
11:46  Defendant's attorney provides an opening statement.
1:04  Court stands in recess..
***
2:00  Court reconvenes.
2:00  Court updates the jury regarding the weather report.  Court states that the trial will reconvene on Wednesday February 8, 2010 at 10:00 a.m.
2:01  Sidebar occurs with attorneys.
2:03  Court provides an instructions to the jury for a stipulation regarding Lee Jones.
2:04  Plaintiff's attorney calls Howard L. Ross as a witness.
2:22  Exhibit 1 presented to the witness.  Plaintiff moves the exhibit into evidence.
2:22  **Court receives Exhibit 1.**
2:23  Plaintiff's attorney asks questions related to evidence.
2:43  Exhibit 12 presented to the witness.  Plaintiff moves the exhibit into evidence.
2:44  **Court receives Exhibit 12.**
2:44  Plaintiff's attorney asks questions related to evidence.

| | |
|---|---|
| 2:55 | Exhibit 2 presented to the witness. Plaintiff moves the exhibit into evidence. |
| 2:56 | **Court receives Exhibit 2.** |
| 2:56 | Plaintiff's attorney asks questions related to evidence. |
| 3:05 | Sidebar occurs with attorneys. |
| 3:07 | Plaintiff's attorney continues to ask questions related to evidence. |
| 3:16 | Court allows for an afternoon break. |
| 3:17 | Court relates sidebar comments for the record outside the presence of the jury. Court stands in recess. |
| *** | |
| 3:29 | Plaintiff continues with his questions to the witness. |
| 3:29 | Defendant objects to the relevance. |
| 3:30 | **Court sustains the objection.** |
| 3:30 | Exhibit 4 presented to witness. Plaintiff moves the exhibit into evidence. |
| 3:30 | **Court receives Exhibit 4**. |
| 3:31 | Plaintiff's attorney asks questions related to evidence. |
| 3:32 | Exhibit 6 presented to witness. Plaintiff moves the exhibit into evidence. |
| 3:33 | **Court receives Exhibit 6.** |
| 3:33 | Plaintiff's attorney asks questions related to evidence. |
| 3:34 | Defendant objects that the witness' answer is not responsive to the question. **Court instructs the witness to listen to the question and respond to it directly.** |
| 3:35 | Court reporter rereads the question. |
| 3:35 | Witness continues his testimony. Plaintiff's attorney continues to ask questions to the witness. |
| 3:39 | Defendant objects to question for lack of foundation. **Court overrules the objection**. |
| 3:40 | Plaintiff's attorney continues to ask questions to the witness. |
| 4:01 | Defendant makes objection as to the form of the plaintiff's attorney's question for vagueness and broadness. **Court sustains objection**. |
| 4:02 | Plaintiff's attorney rephrases the question. |
| 4:02 | Witness continues to answer questions. |
| 4:08 | Defendant objects to lack of foundation. **Court overrules objection**. |
| 4:08 | Witness is instructed to answer the question. Plaintiff's attorney continues to ask questions to the witness.. |
| 4:09 | Exhibit 25 presented to witness. Plaintiff moves the exhibit into evidence. |
| 4:10 | **Court receives Exhibit 25.** |
| 4:10 | Plaintiff's attorney asks questions related to evidence. |
| 4:14 | Exhibit 28 presented to witness. Plaintiff moves the exhibit into evidence. |
| 4:14 | **Court receives Exhibit 28.** |
| 4:15 | Plaintiff's attorney asks questions related to evidence. |
| 4:18 | Exhibit 35 presented to witness. Plaintiff moves the exhibit into evidence. |
| 4:18 | **Court receives Exhibit 35.** |
| 4:18 | Plaintiff's attorney asks questions related to evidence. |
| 4:24 | Exhibit 36 presented to witness. Plaintiff moves the exhibit into evidence. |
| 4:24 | **Court receives Exhibit 36.** |
| 4:24 | Plaintiff's attorney asks questions related to evidence. |
| 4:31 | Defendant objects to leading questions; **Court invites the plaintiff's attorney to pose less leading questions to the witness.** |
| 4:31 | Plaintiff's attorney continues with his examination of the witness. |

| | |
|---|---|
| 4:33 | Defendant objects to leading questions; **Court sustains, tells court reporter to strike the last question, and informs the jury to disregard the last question posed to the witness.** |
| 4:34 | Plaintiff's attorney continues with his examination of the witness. |
| 4:38 | Defendant moves to strike line of evidence because witness is not competent to testify; **Court finds that its not inappropriate for Dr. Ross to testify on these matters. Court overrules the objection**. |
| 4:39 | Plaintiff's attorney continues with his examination of the witness. |
| 4:48 | Defendant objects to question regarding facts not in evidence. **Court overrules**. |
| 4:48 | Plaintiff's attorney continues his examination of the witness. |
| 4:49 | Exhibit 182 presented to witness. Plaintiff moves the exhibit into evidence. |
| 4:49 | **Court receives Exhibit 182**. |
| 4:50 | Plaintiff's attorney asks questions related to the evidence. |
| 4:53 | Exhibit 37 presented to witness. Plaintiff moves the exhibit into evidence. |
| 4:53 | **Court receives Exhibit 37.** |
| 4:53 | Plaintiff's attorney asks questions related to the evidence. |
| 4:57 | Exhibit 38 presented to witness. Plaintiff moves the exhibit into evidence. |
| 4:57 | **Court receives Exhibit 38**. |
| 4:57 | Plaintiff's attorney asks questions related to the evidence. |
| 5:01 | Defendant objects to the form of the question; **Court notes the compound nature of the question. Court sustains the objection**. Plaintiff's attorney states that he will focus his question more tightly. |
| 5:01 | Plaintiff's attorney returns to his examination of the witness. |
| 5:08 | Exhibits 14 and 15 are presented to witness. Plaintiff moves Exhibit 14 into evidence. |
| 5:08 | **Court receives Exhibit 14**. |
| 5:09 | Plaintiff moves Exhibit 15 into evidence. |
| 5:09 | **Court receives Exhibit 15**. |
| 5:09 | Plaintiff's attorney asks questions related to the evidence. |
| 5:17 | Exhibit 354 presented to witness. Plaintiff moves the exhibit into evidence. |
| 5:18 | **Court receives Exhibit 354.** |
| 5:18 | Plaintiff's attorney asks questions related to the evidence. |
| 5:19 | Defendant objects to the form of the question regarding foundation; **Court asks clarifying question to the defendant. Court permits the plaintiff's attorney to continue his questioning**. |
| 5:20 | Defendant objects to the form of the questions in that they are leading questions, narrative in nature. **Court directs the plaintiff's attorney to correct the form of his questioning**. |
| 5:21 | Plaintiff attorney continues with his questions to the witness. |
| 5:26 | Defendant objects to the speculative nature of the question. **Court provides questions to the witness.** |
| 5:27 | Court addresses the jury regarding adjournment. |
| 5:30 | Court stands in recess for the day. |

\*\*\*

<u>Wednesday, February 10, 2010</u>

| | |
|---|---|
| 9:54 | Court goes on the record. Parties confer with the court regarding the order in which the witnesses will be called. Court thanks the parties for their efforts and discusses the schedule for the upcoming days of trial. |
| 10:00 | Appearances. |

10:01  Court welcomes the parties and the jury. Court advises the jury regarding the order in which the witnesses will be called.
10:02  Dr. Ross continues his testimony on the witness stand. The court instructs Dr. Ross that he should assume that he is under the same oath he took on Monday February 8, 2010. Plaintiff's attorney continues with his questions to the witness.
10:04  Exhibits 325 and 327 presented to witness. Plaintiff moves the exhibits into evidence.
10:05  **Court receives Exhibit 325 and 327.**
10:06  Exhibit 84 presented to witness. Plaintiff moves the exhibit into evidence.
10:06  **Court receives Exhibit 84**.
10:06  Plaintiff's attorney asks questions related to evidence.
10:07  Exhibit 94 presented to witness. Plaintiff moves the exhibit into evidence.
10:08  Defendant objects for lack of foundation. **Court asks the witness a question regarding the evidence and overrules the objection and receives Exhibit 94.**
10:08  Plaintiff's attorney asks question related to evidence.
10:08  Defendant's attorney asks that the left margin of the evidence be shown. Plaintiff's attorney shows the left margin.
10:09  Plaintiff's attorney asks questions related to evidence.
10:12  Exhibit 313 presented to witness.
10:13  Defendant objects. Doesn't know if witness identified anything beyond the first four pages. **Court instructs the witness to flip through the pages to ensure that the exhibit is what he identified**. Witness identifies the exhibit accordingly. **Court receives exhibit 313.**
10:14  Exhibit 221 presented to witness. Plaintiff moves the exhibit into evidence.
10:15  **Court receives Exhibit 221.**
10:16  Plaintiff's attorney asks questions related to evidence.
10:18  Exhibit 140-165 presented to witness.
10:19  Exhibit 336 presented to witness. Plaintiff moves the exhibit into evidence.
10:19  **Court receives Exhibit 336.**
10:19  Plaintiff's attorney asks questions related to evidence.
10:21  Defendant's attorney asks clarifying question regarding the page number to the plaintiff's attorney.
10:21  Plaintiff's attorney continues to ask questions related to evidence.
10:23  Defendant's attorney objects for competence. **Court overrules the objection**.
10:23  Plaintiff's attorney continues to ask questions related to evidence.
10:36  Defendant's attorney objects to the form of a question. **Court overrules the objection**.
10:37  Witness continues with his testimony. Plaintiff's attorney continues to ask questions related to the evidence.
10:39  Defendant's attorney objects that the question has been asked and answered. **Court overrules the objection.**
10:40  Plaintiff's attorney asks the question again and the testimony continues.
10:42  Defendant's attorney objects that the answer is not responsive. **Court sustains the objection and instructs the jury to disregard the last answer.**
10:43  Plaintiff's attorney continues to ask questions related to the evidence.
10:44  Defendant's attorney objects to the form of a question. **Court instructs the plaintiff's attorney to put a question to the witness.**
10:44  Plaintiff's attorney continues to ask questions related to the evidence.
10:50  Defendant's moves to strike for non-responsiveness. **Court sustains and directs the jury to disregard the last question and answer.**
10:50  Plaintiff's attorney continues to ask questions related to the evidence.

11:15　Defendant's attorney objects that the witness' answer was non-responsive. **Court states that the last answer was not responsive. Court instructs plaintiff's attorney to rephrase the question**. Plaintiff's attorney complies with the court's request.
11:16　Plaintiff's attorney continues to ask questions to the witness.
11:26　Exhibit 39 presented to witness. Plaintiff moves the exhibit into evidence.
11:26　**Court receives Exhibit 39.**
11:26　Plaintiff's attorney asks questions related to the evidence.
11:27　Exhibit 41 presented to witness. Plaintiff moves the exhibit into evidence.
11:27　**Court receives Exhibit 41.**
11:28　Plaintiff's attorney asks questions related to the evidence.
11:32　Exhibit 42 presented to witness. Plaintiff moves the exhibit into evidence.
11:32　**Court receives Exhibit 42**.
11:33　Exhibit 43 presented to witness. Plaintiff moves the exhibit into evidence.
11:33　**Court receives Exhibit 43**.
11:34　Exhibit 51 presented to witness. Plaintiff moves the exhibit into evidence.
11:34　**Court receives Exhibit 51**.
11:34　Plaintiff's attorney asks questions related to the evidence.
11:38　Defendant's attorney objects to a question. **Court allows the answer to stand**.
11:39　Plaintiff's attorney continues to ask questions related to the evidence.
11:40　Exhibit 44 presented to witness. Plaintiff moves the exhibit into evidence.
11:41　**Court receives Exhibit 44**.
11:41　Plaintiff's attorney asks questions related to evidence.
11:42　Exhibit 45 presented to witness.
11:42　Exhibit 47 presented to witness. Plaintiff moves the exhibit into evidence.
11:43　**Court receives Exhibit 47**.
11:43　Plaintiff's attorney asks questions related to evidence.
11:44　Exhibit 50 presented to witness. Plaintiff moves the exhibit into evidence.
11:45　**Court receives Exhibit 50**.
11:45　Plaintiff's attorney asks questions related to evidence.
11:46　Exhibit 54 presented to witness. Plaintiff's attorney moves the exhibit into evidence. Defendant's attorney objects to the email, as it contains hearsay and double hearsay.
11:46　**Court reserves ruling on Exhibit 54 and will take it up with the parties later**.
11:47　Plaintiff's attorney continues to ask questions to the witness.
11:48　Exhibit 62 presented to witness. Plaintiff moves the exhibit into evidence.
11:48　**Court receives Exhibit 62**.
11:49　Plaintiff's attorney asks questions related to the evidence.
11:49　Exhibit 64 presented to witness. Plaintiff moves the exhibit into evidence.
11:49　**Court receives Exhibit 64**.
11:49　Plaintiff's attorney asks questions related to the evidence.
11:52　Exhibit 66 presented to witness. Plaintiff moves the exhibit into evidence.
11:52　**Court receives Exhibit 66**.
11:52　Plaintiff's attorney asks questions related to the evidence.
11:53　Exhibit 67 presented to witness. Plaintiff moves the exhibit into evidence.
11:53　**Court receives Exhibit 67**.
11:54　Plaintiff's attorney asks questions related to the evidence.
11:56　Exhibit 81 presented to witness. Plaintiff moves the exhibit into evidence.
11:57　**Court receives Exhibit 81**.

11:57 Plaintiff's attorney asks questions related to the evidence.
11:58 Exhibit 90 presented to witness. Plaintiff moves the exhibit into evidence.
11:58 **Court receives Exhibit 90**.
11:58 Exhibit 97 presented to witness. Plaintiff moves the exhibit into evidence.
11:58 Defendant's attorney objects to the lack of the foundation. Plaintiff's counsel asks clarifying questions. Plaintiff moves the exhibit into evidence. **Court receives Exhibit 97**.
12:00 Exhibit 112 presented to witness. Plaintiff moves the exhibit into evidence.
12:00 **Court receives Exhibit 112**.
12:00 Plaintiff's attorney asks questions related to evidence.
12:02 Exhibit 126 presented to witness. Plaintiff moves the exhibit into evidence.
12:02 **Court receives Exhibit 126**.
12:02 Plaintiff's attorney asks questions related to evidence.
12:04 Exhibit 214 presented to witness. Plaintiff moves the exhibit into evidence.
12:05 **Court receives Exhibit 214.**
12:06 Plaintiff's attorney asks questions related to evidence.
12:09 Exhibit 3 presented to witness. Plaintiff moves the exhibit into evidence.
12:10 **Court receives Exhibit 3.**
12:10 Exhibit 7 presented to witness. Plaintiff moves the exhibit into evidence.
12:11 **Court receives Exhibit 7**.
12:11 Exhibit 10 presented to witness.
12:12 Defendant objects to the presentation of the evidence. **Court will look at the exhibit 10 outside the presence of the jury**.
12:12 Court excuses the jury.
12:14 Court asks the plaintiff's attorney regarding exhibit 10. **Court will overrule the objection**. **Court receives exhibit 10.**
12:14 Court stands in recess.
\*\*\*
1:03 Court reconvenes. Plaintiff's attorney continues his questions to the witness.
1:08 Plaintiff's attorney concludes his direct examination.
1:08 Plaintiff's attorney calls James Marasco as a witness.
1:09 Plaintiff's attorney begins his examination of the witness.
1:10 Exhibit 283 presented to witness. Plaintiff moves the exhibit into evidence.
1:10 **Court receives Exhibit 283.**
1:10 Plaintiff's attorney asks questions to the witness.
1:16 Exhibit 288 presented to witness. Plaintiff moves the exhibit into evidence.
1:18 **Court receives Exhibit 288.**
1:19 Exhibit 10 presented to witness. Plaintiff's attorney asks questions to witness regarding the exhibit. Plaintiff moves the exhibit into evidence.
1:19 **Court receives Exhibit 10, but notes the exhibit has already been received by the court.**
1:20 Exhibit 287 presented to witness. Plaintiff moves the exhibit into evidence.
1:20 **Court receives Exhibit 287.**
1:21 Plaintiff's attorney asks questions to the witness regarding the evidence.
2:06 Plaintiff's attorney asks questions regarding exhibit 10.
2:09 Plaintiff's attorney concludes his questions to witness.
2:09 Court invites the defendant's attorney to cross examine the witness.
2:10 Defendant's attorney begins his cross-examination of the witness.
2:16 Plaintiff's attorney objects to a question as argumentative. **Court overrules the objection.**

| | |
|---|---|
| 2:16 | Defendant's attorney continues within his cross-examination. |
| 2:25 | Plaintiff's attorney objects to defendant asking witness to answer the question. Defendant's attorney continues with his cross-examination. |
| 2:27 | Plaintiff's attorney objects to the hypothetical question. **Court overrules the objection**. Witness is instructed to answer the question. Defendant's attorney continue with his cross-examination. |
| 2:46 | Defendant's attorney moves to strike an answer as non-responsive. **Court denies the request and states the jury can draw their own inferences from the answer.** |
| 2:46 | Defendant's attorney continues with his cross-examination. |
| 2:59 | Court calls for an afternoon break. |
| 3:00 | Court stands in recess. |
| \*\*\* | |
| 3:17 | Defendant's attorney continues with his cross-examination. |
| 3:20 | Plaintiff's attorney makes an objection as to foundation. **Court overrules the objection**. |
| 3:20 | Defendant's attorney continues with his cross-examination. |
| 3:33 | Exhibit 1006 presented to witness. Defendant moves the exhibit into evidence. |
| 3:33 | **Court receives Exhibit 1006.** |
| 3:33 | Defendant's attorney continues with his cross-examination. |
| 3:40 | Plaintiff's attorney objects to the nature of the question. Defendant's attorney rephrases the questions. |
| 3:40 | Defendant's attorney continues with his cross-examination of the witness. |
| 3:48 | Exhibit 1000 presented to witness. Defendant moves the exhibit into evidence. |
| 3:49 | Plaintiff objects; its beyond the date of when it was relinquished. Court directs plaintiff to look at exhibit 1000. Plaintiff with draws objection. **Court receives Exhibit 1000.** |
| 3:49 | Defendant's attorney continues with his cross-examination of the witness. |
| 4:07 | Defendant's attorney concludes with his cross-examination. |
| 4:07 | Plaintiff's attorney begins his redirect examination of the witness. |
| 4:15 | Plaintiff's attorney concludes his redirect. |
| 4:15 | Defendant's attorney re-cross-examines witness. Defendant's attorney presents Exhibit 336 and asks questions to witness regarding evidence. |
| 4:17 | Exhibit 1005 presented to witness. Defendant's attorney asks questions regarding the Exhibit. |
| 4:18 | Defendant's attorney continues to ask questions to the witness. |
| 4:23 | Plaintiff's attorney objects regarding exceeding the scope of redirect. **Court sustains the objection**. |
| 4:23 | Defendant's attorney concludes his re-cross-examination. |
| 4:24 | Dr. Ross takes the stand for cross-examination. |
| 4:25 | Defendant's attorney begins his cross-examination of Dr. Ross. |
| 4:27 | Exhibit 1007 presented to witness. Defendant's attorney continues questioning the witness. |
| 4:29 | Exhibit 1007 presented to witness. Defendant moves the Exhibit into evidence. |
| 4:31 | **Court receives Exhibit 1007.** |
| 4:31 | Defendant's attorney asks questions related to the evidence. |
| 4:35 | Exhibit 1002 presented to witness. |
| 4:35 | Plaintiff objects to the use of the exhibit in June 2005. **Court asks Defendant's attorney if there was an earlier iteration of the manual**. |
| 4:37 | Defendant's attorney asks additional questions to the witness. |
| 4:46 | Exhibit 1009 presented to witness. Defendant states that the exhibit has been stipulated into evidence. |
| 4:46 | **Court receives Exhibit 1009.** |
| 4:46 | Defendant's attorney asks additional questions to the witness. |

| | |
|---|---|
| 4:48 | Defendant's attorney moves to strike an answer. Court grants the motions and instructs the jury to disregard the comment. |
| 4:49 | Defendant's attorney moves to strike an answer. Court grants the motions and instructs the jury to disregard the comment. Defendant's attorney continues to ask the witness questions. |
| 4:53 | Defendant's attorney refers to Exhibit 1010 and asks questions to the witness. |
| 4:54 | Exhibit 1010 presented to witness. Defendant moves the Exhibit into evidence. |
| 4:54 | **Court receives Exhibit 1010.** |
| 4:55 | Plaintiff's attorney objects to a question as asked and answered. Defendant's attorney withdraws the question. |
| 4:56 | Defendant's attorney continues with his questions |
| 4:57 | Exhibit 1011 presented to witness. Defendant moves the Exhibit into evidence. |
| 4:57 | **Court receives Exhibit 1011.** |
| 4:57 | Defendant's attorney asks questions to the witness regarding the evidence. |
| 5:04 | Exhibit 1008 presented to witness. Defendant moves the Exhibit into evidence. |
| 5:04 | **Court receives Exhibit 1008.** |
| 5:04 | Defendant's attorney asks questions regarding evidence. |
| 5:06 | Defendant's attorney reminds witness to answer the questions directly. Defendant's attorney asks questions regarding evidence. |
| 5:12 | Plaintiff's attorney objects that a question calls for speculation. **Court overrules the objection**. |
| 5:13 | Witness answers the question. Defendant's attorney continues with his cross-examination. |
| 5:13 | Defendant's attorney moves to strike the defendant's answer. **Court instructs the defendant's attorney to move into another area**. |
| 5:14 | Defendant's attorney continues with his cross-examination |
| 5:15 | Exhibit 1013 presented to witness. Defendant moves the Exhibit into evidence. |
| 5:15 | **Court receives Exhibit 1013.** |
| 5:15 | Defendant's attorney asks questions regarding evidence. |
| 5:23 | Defendant's attorney concludes his questioning for the day. |
| 5:23 | Court addresses the jury and gives them instructions. |
| 5:26 | Court stands in recess. |

\*\*\*

Thursday February 11, 2010

| | |
|---|---|
| 12:57 p.m. | Appearances. |
| 12:57 | Dr. Ross resumes the witness stand. Defendant's attorney resumes his cross-examination of the witness. |
| 12:59 | Exhibit 1023 presented to witness (already admitted at Plaintiff's Exhibit 336). |
| 12:59 | Defendant's attorney asks questions related to the evidence. |
| 1:10 | Exhibit 1019 presented to witness. Defendant's attorney asks questions related to the evidence. |
| 1:11 | Exhibit 1016 presented to witness. Defendant moves the Exhibit into evidence. |
| 1:12 | **Court receives Exhibit 1016.** |
| 1:12 | Defendant's attorney asks questions related to the evidence. |
| 1:16 | Exhibit 1024 presented to witness. Defendant moves the Exhibit into evidence. |
| 1:17 | **Court receives Exhibit 1024.** |
| 1:17 | Defendant's attorney asks questions related to the evidence. |
| 1:54 | Defendant's attorney references plaintiff's Exhibits 42 and 43. Defendant's attorney asks questions related to the evidence. |
| 1:58 | Exhibit 1020 presented to witness. Defendant moves the Exhibit into evidence. |

1:59  Plaintiff's attorney objects to the receipt of the evidence for foundation.  **Court reserves ruling on the receipt of exhibit 1020.**
2:00  Exhibit 1214 presented to witness.  Defendant moves the Exhibit into evidence.
2:01  **Court receives Exhibit 1214.**
2:01  Defendant's attorney asks questions related to the evidence.
2:04  Exhibit 1213 presented to witness.  Defendant moves the Exhibit into evidence.
2:04  **Court receives Exhibit 1213.**
2:05  Defendant's attorney asks questions related to the evidence.
2:07  Exhibit 1030 presented to witness.  Defendant's attorney references that the exhibit has already been entered as a plaintiff's exhibit.  Defendant's attorney continues with his questioning to the witness.
2:10  Defendant's attorney references plaintiff's Exhibits 80, 90, 97, and 112.  Defendant's attorney asks questions regarding evidence to witness.
2:14  Defendant's attorney draws witness' attention to plaintiff's Exhibits 97.
2:16  Exhibit 1034 presented to witness.  Defendant moves the Exhibit into evidence.
2:16  **Court receives Exhibit 1034.**
2:16  Defendant's attorney asks questions regarding the evidence.
2:20  Exhibit 1038 presented to witness.  Defendant moves the Exhibit into evidence.
2:20  **Court receives Exhibit 1038.**
2:20  Defendant's attorney asks questions regarding the evidence.
2:22  Exhibit 1037 presented to witness.  Defendant moves the Exhibit into evidence.
2:22  **Court receives Exhibit 1037.**
2:23  Defendant's attorney asks questions regarding the evidence.
2:30  Exhibit 1218 presented to witness.  Defendant moves the Exhibit into evidence.
2:31  **Court receives Exhibit 1218.**
2:32  Defendant's attorney asks questions regarding the evidence.
2:35  Exhibit 1219 presented to witness.  Defendant moves the Exhibit into evidence.
2:35  **Court receives Exhibit 1219.**
2:35  Defendant's attorney asks questions regarding the evidence.
2:40  Exhibit 1220 presented to witness.  Defendant moves the Exhibit into evidence.
2:40  **Court receives Exhibit 1220.**
2:41  Defendant's attorney asks questions regarding the evidence.
2:53  Exhibit 1215 presented to witness.  Defendant's attorney asks questions regarding the evidence.
2:56  Defendant's attorney concludes his cross-examination.
2:57  Court stands in recess.
\*\*\*
3:16  Court reconvenes.  Plaintiff's attorney asks questions of witness on re-direct examination.
3:19  Defendant's attorney asks questions to the witness on re-cross examination.
3:19  Defendant's attorney calls Indra Mohabir as a witness.
3:20  Defendant's attorney begins his direct examination of the witness.
3:33  Exhibit 1014 presented to witness.  Defendant moves the Exhibit into evidence.
3:33  **Court receives Exhibit 1014.**
3:33  Defendant's attorney asks questions regarding the evidence.
3:38  Exhibit 1208 presented to witness.  Defendant moves the Exhibit into evidence.
3:39  **Court receives Exhibit 1208.**
3:40  Defendant's attorney asks questions regarding the evidence.

| | |
|---|---|
| 3:53 | Plaintiff's attorney objects for foundation.  **Court sustains the objection.** |
| 3:54 | Defendant's attorney continues with his questions to the witness. |
| 4:01 | Exhibit 1024 presented to witness.  Defendant's attorney asks questions regarding the evidence. Defendant moves the Exhibit into evidence. |
| 4:03 | **Court notes that the court has already received Exhibit 1024**. |
| 4:04 | Exhibit 1025 presented to witness.  Defendant moves the Exhibit into evidence. |
| 4:05 | **Court receives Exhibit 1025.** |
| 4:05 | Defendant's attorney asks questions regarding the evidence. |
| 4:07 | Exhibit 1026 presented to witness.  Defendant moves the Exhibit into evidence. |
| 4:07 | **Plaintiff's attorney objects to foundation.**  Defendant's attorney asks further questions regarding the Exhibit.  Defendant moves the Exhibit into evidence. |
| 4:08 | **Court receives Exhibit 1026.** |
| 4:08 | Defendant's attorney asks questions regarding the evidence. |
| 4:22 | Exhibit 1023 presented to witness, already entered into evidence as Plaintiff's Exhibit 336.  Defendant's attorney asks questions regarding the evidence. |
| 4:29 | Defendant's attorney presents Exhibit 1023, Plaintiff's Exhibit 336 to the witness.  Defendant's attorney asks questions regarding the evidence. |
| 4:38 | Plaintiff's attorney objects for hearsay.  Defendant's lawyer withdraws and rephrases the question.  Defendant's attorney continues with his questions to the witness. |
| 4:56 | Defendant's attorney concludes his direct examination of the witness. |
| 4:56 | Plaintiff's attorney begins his cross-examination of the witness. |
| 5:06 | Exhibit 1208 presented to witness.  Plaintiff's attorney asks questions related to the evidence. |
| 5:23 | Exhibit 1014 presented to witness.  Plaintiff's attorney asks questions related to the evidence. |
| 5:30 | Court addresses the jury and gives them instructions. |
| 5:32 | Court stands in recess. |

<u>Friday, February 12, 2010</u>

| | |
|---|---|
| 8:46 | Appearances. |
| 8:47 | Court greets the parties.  Plaintiff's attorney informs the court that the parties have reached an agreement to dismiss the matter with prejudice.  Court states that he will inform the jury that the case will be dismissed. |
| 8:50 | Court invites the jurors back into the court. |
| 8:51 | Court addresses the jury and informs them of the latest happenings in the case.  Court excuses and thanks the jury. |
| 8:58 | Court asks the parties to provide the court with the exhibits that have been received. |
| 8:59 | Court stands in recess. |